IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| v. | § § | EP-09-CR-3071-DB-1 |
| MARTHA ALICIA GARNICA. | § | |

## ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

Martha Alicia Garnica, Federal Register Number 49651-280, asks the Court to grant her an early release from prison pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) "based on the 'other reasons' criteria of the U.S. Sentencing Guidelines." Def.'s Mot., ECF No. 268 at 1, 4. Her opposed motion is denied for the following reasons.

## BACKGROUND

Garnica was a United States Customs and Border Protection (CBP) officer in El Paso, Texas. *United States v. Garnica*, 471 F. App'x 368, 369 (5th Cir. 2012). In April 2009, she approached an undercover CBP officer and began communicating with him regularly. Presentence Investigation, ECF No. 181 at ¶ 9. Initially she discussed personal matters. *Id*. Eventually she asked him to smuggle narcotics and undocumented aliens into the United States through ports of entry in El Paso, Texas. *Id*. A subsequent investigation revealed Garnica had assisted numerous drug trafficking organizations in Mexico for more than a decade by allowing their vehicles, which contained large quantities of marijuana and cocaine, safe passage into the United States. *Id*. at ¶ 82.

Garnica pleaded guilty to conspiring to import 100 kilograms or more of marijuana, conspiring to induce an undocumented alien to enter the United States, bribing public officials, and importing a quantity of marijuana. J. Crim. Case, ECF No. 188 at 1. She was sentenced to a cumulative 240-month term of imprisonment. *Id*. at 2. The Fifth Circuit Court of Appeals affirmed

her sentence. *Garnica*, 471 F. App'x at 371.

The Bureau of Prisons (BOP) has disciplined Garnica for the following offenses while in its custody:

| 06/19/2014 | Failing to Follow Safety Regs. | Commissary Privileges: loss of 15 days. |
| --- | --- | --- |
| 01/05/2015 | Refusing Work/PGM Assignment | Commissary Privileges: loss of 30 days. |
| 01/19/2015 | Phone Abuse-Disrupt Monitoring Giving/Accepting Money W/O Auth | Good Conduct Time: disallowed 15 days. Phone Privileges: loss of 60 days. Commissary Privileges: loss of 60 days. |
| 04/20/2017 | Refusing Work/PGM Assignment | Phone Privileges: loss of 30 days |
| 04/20/2017 | Refusing Work/PGM Assignment | Commissary Privileges: loss of 60 days. |

Gov't's Resp., ECF No. 278 at 3; *id.* at Ex. B, Inmate Discipline Data.

Despite Garnica's disciplinary record, the BOP released her to home confinement on June 11, 2020, "due to [her] extensive health issues" which she identified as severe asthma, post traumatic stress disorder, anxiety, depression, bi-polar disorder, and high blood pressure. Def.'s Mot., ECF No. 268 at 5. The BOP returned Garnica to its custody on April 5, 2022, however, after her home confinement "failure." *Id.* at 6; Def.'s Reply, Ex. A, ECF No. 280-1 at 17.

Garnica is currently confined at the Carswell Federal Medical Center in Fort Worth, Texas. *See* https://www.bop.gov/inmateloc/ (search for Reg. No. 49651-280) (last visited April 19, 2023). Her projected release date is February 2, 2025. *Id.*

Garnica claims she is the sole caregiver for her 84-year-old father. Def.'s Mot., ECF No. 268 at 3. She also claims her health conditions when combined with the threat to her health from COVID-19 provide extraordinary and compelling reasons for the Court to grant her immediate release from prison. *Id.* at 4–5.

## APPLICABLE LAW

A district court "generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). But it may grant a sentence reduction—after reconsidering the sentencing factors set forth in 18 U.S.C. § 3553(a)—if it also finds that (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Ward v. United States*, 11 F.4th 354, 359, 359–60 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

The § 3553(a) sentencing factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

"Congress never defined or provided examples of 'extraordinary and compelling reasons' that might warrant a reduction. Instead, it delegated that authority to the Sentencing Commission." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021).

The Sentencing Commission has not issued a new policy statement since the enactment of the First Step Act. "[T]he context of the policy statement shows that it applies only to motions filed by the BOP." *Id.* at 392. Consequently, "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582. The district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id.* at 393.

"Although not dispositive, the commentary to [Sentencing Guideline] § 1B1.13 informs [a

3

court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n.1(A)–(D)). It identifies "four 'extraordinary and compelling reasons' that may justify reducing a prison term: (1) medical conditions, (2) age, (3) family circumstances, and (4) '[o]ther [r]easons.' " *Id.*

The "Medical Condition of the Defendant" may provide an extraordinary and compelling reason for a compassionate release. *Id*. But the commentary describes only two medical conditions which might warrant early release: (1) where "[t]he defendant is suffering from a terminal illness," and (2) where the defendant is suffering from a serious medical or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* "Family circumstances" may also provide a basis for early release when the defendant shows evidence of (1) the death or incapacitation of the caregiver for his minor children or (2) the incapacitation of a spouse who is without a caretaker. *Id*. "Other reasons" is a catchall category defined as "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances as "determined by the Director of the Bureau of Prisons." *Id.* In all cases, the defendant has the burden of showing her circumstances meet the test for compassionate release. *Shkambi*, 993 F.3d at 392.

## ANALYSIS

The Court finds—given the nature, circumstances, and seriousness of Garnica's offenses—that releasing her from prison now would not accomplish the sentencing goal of affording an "adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(1). Indeed, after re-weighing the § 3553(a) sentencing factors, the Court finds that Garnica's 240-month sentence is sufficient—but

4

not greater than necessary—to comply with the basic aims of sentencing. *Id.* § 3553(a)(2). In addition, the Court is not convinced—given Garnica's prison disciplinary record and home confinement failure—that she is no longer a danger to the safety of others or to the community.

Furthermore, Garnica provides no evidence to support a conclusion that she has an advanced illness with an end-of-life trajectory—or that she suffers from a medical or physical condition which substantially diminishes her ability to provide self-care in prison. She has not claimed she is terminally ill, and she has not identified any medical problems which a prisoner must normally exhibit to merit a compassionate release. Her current medical conditions— asthma, post traumatic stress disorder, anxiety, depression, bi-polar disorder, and high blood pressure— simply do not fit in any of the categories that form the heartland of a compassionate release case.

Although the Court understands Garnica's concern about her elderly father, she has not claimed that he is either the sole caretaker of her minor children or his spouse. And the Court observes the Director has not determined that "other reasons" would justify Garnica's early release.

## CONCLUSION

The Court concludes that Garnica has not met her burden of showing she meets the criteria for early release under 18 U.S.C. § 3582(c)(1)(A). The Court accordingly **DENIES** Garnica's "Request for Emergency Compassionate Release / Reduction in Sentence" (ECF No. 268). The Court additionally **DENIES** all pending motions.

SIGNED this 24TH day of April 2023.

DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE